UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| VICTORIANO G. LOPEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBERT BANNISTER et al.,<br><br>        Defendants. | 3:11-cv-00801-RCJ-VPC<br><br>**ORDER** |

     Plaintiff is a prisoner in the custody of the Nevada Department of Corrections.  He sued Defendants in this Court for deliberate indifference under the Eighth Amendment (as incorporated against the states via the Due Process Clause of the Fourteenth Amendment) for failing to treat an eye condition and his hernia.  The parties settled at an early mediation conference on March 27, 2012.  The Settlement Agreement ("SA") provided that Defendants would permit Plaintiff to obtain a second opinion as to his eye condition and hernia by an NDOC physician, but not Dr. Mar, between fifteen and thirty days form the execution of the SA (April 27, 2012). (*See* SA § III.A.1, ECF No. 27-1, at 6).  The parties agreed that this Court would be the exclusive forum for any litigation seeking to enforce the SA. (*Id.* § J).  The Court signed a stipulation of dismissal on May 7, 2012 that did not incorporate the terms of the SA as conditions.  On May 17, 2012, Plaintiff filed a "Motion for Leave to File Writ of Mandamus,"

alleging that Defendants had failed to perform under the SA as of May 12, 2012. The Magistrate Judge entered a minute order on June 27, 2012, denying the motion and citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) for the proposition that federal courts do not have inherent jurisdiction to enforce settlement agreements simply because the subject of settlement is a federal lawsuit. A federal court retains jurisdiction where an obligation to comply with a settlement is made part of the order of dismissal, but that was not the case here.

Plaintiff has filed a motion to reopen the case to address the alleged breach of the settlement agreement. The Court agrees that there is no continuing jurisdiction. Plaintiff must file a new action to enforce the SA. Whether the forum selection clause is enforceable or must be severed from the SA due to a lack of statutory jurisdiction in the federal courts to hear the breach claim in this case is a matter for a judge in the subsequent case to determine.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reopen Case (ECF No. 25) is DENIED.

IT IS SO ORDERED.

Dated this 9th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge